

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin C. Eidson, Member
Board of Regents, State Teachers Colleges
Huntsville, Texas

Dear Mr. Eidson:

Opinion Number 0-5050
Re: Retirement of faculty members
of Teachers Colleges at age
seventy.
(1) Must all such teachers retire
at age seventy?
(2) May question of retirement be
delegated to committee of the
Board of Regents?
(3) Are members of the Board of
Regents required to retire at
age seventy?

In your letter of October 30th you submit several questions relative to retirement under the Teachers Retirement Act of faculty members of the several State Teachers Colleges; the questions cover three problems, and will be considered in connection with the particular problem to which they relate.

### I.

Your first two questions inquire whether it is mandatory under the Retirement Act that faculty members of the Teachers Colleges be retired, without exception, upon their reaching age seventy. Section 3 of the Teacher Retirement Act, as amended by Chapter 377, Acts of the 48th Legislature (Art. 2922-1, Vernon's Annotated Civil Statutes) provides for voluntary retirement of "members" of the Retirement System at age

Honorable Melvin C. Eidson, page #2

sixty, if the member shall have completed twenty or more years of "creditable service" as defined by the Act; the same section further provides:

"Any member in service who has attained the age of seventy (70) years shall be retired forthwith, provided that with the approval of his employer he may remain in service." (Emphasis ours).

By its express terms, therefore, the Act provides for the non-voluntary retirement at age seventy of only those employees of the Teachers Colleges who are "members" of the Retirement System, as that term is defined by Section 3 of the Act, as amended; and, even as to members who reach seventy years of age, it is provided that they may remain in service with the approval of their employers. There is no requirement contained in the Retirement Act, therefore, that members of the faculties of the Teachers Colleges be retired without exception, upon their reaching seventy years of age. If such persons are members of the Teacher Retirement System, they may remain in service after age seventy only upon the affirmative approval of their employers; but, if such approval is given, members of the Retirement System may continue in service.

II.

Your third and fifth questions relate to the same general inquiry, and will be considered together; they are as follows:

"(3) Since each college has a local committee composed of three of the Regents selected from the Board, should they be invested with the power to decide to retain or dismiss members of the faculty who have reached the age of seventy or should this ruling be by the entire Board instead of the committee?

"(5) Who is the employer of a member of the faculty who reaches seventy years of age or more - the Board of Regents, the local committee, or the president of the college?"

In the sense of the ultimate, the State of Texas is the employer of members of the faculties of the several State Teachers Colleges. On its behalf, however, the Board of Regents of the State Teachers Colleges by law is "charged with the responsibility of the general control and management of all State Teachers Colleges for white persons and may * * * employ and discharge presidents or principals, teachers, treasurers and other employees; * * * ." (Article 2647, Vernon's Annotated Civil Statutes.) The continued employment of the several faculty members of the State Teachers Colleges, therefore, is expressly dependent upon the exercise of the power of the Board of Regents to employ such persons on behalf of the State under the authority conferred by the quoted statute.

We assume from your questions, however, that your inquiries relate to "retirement" under the Teacher Retirement Act, rather than to termination of services by dismissal or by failure of the Board of Regents to continue the contract of employment in effect. As above observed, the Retirement Act provides for automatic, non-voluntary retirement of members of the Retirement System upon their reaching the age of seventy years; but it is provided that such a member may remain in service "with the approval of his employer." Insofar as applicable to employees of the State Teachers Colleges, the term "employer" as used in this provision is defined by Subsection 5 of Section 1 of the Retirement Act as follows:

" 'Employer' shall mean the State of Texas and any of its designated agents or agencies with responsibility and authority for public education, such as * * * the boards of regents of State colleges and universities * * * ."

Under the Retirement Act, therefore, those members of the Retirement System on the faculties of the Teachers' Colleges, must retire from service, unless the Board of Regents, by affirmative action approves their continuation in service of the institution. We believe the above answers your fifth question.

Your third question in effect inquires whether the Board of Regents may delegate to a committee of three the power to decide whether faculty members who reach seventy years of age shall be retired. Again, we assume that your question relates to those employees who are members of the Teacher Retirement System.

As a general rule, a Board or other official agency may delegate to others the discharge of ministerial duties which do not call for the exercise of discretion, and may not delegate to others the discharge of duties and functions which call for reason or discretion. Horne Zoological Arena Co. v. City of Dallas, 45 S. W. (2d) 714, 715; City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440; Meecham, Public Offices and Officers, sec. 566, p. 368; 34 Tex. Juris. 459, sec. 79.

We see no violation of the rule against delegation of authority, however, in the selection by the Board of Regents of a committee of its members to review mandatory retirement cases arising under the Teacher Retirement Act in the several institutions under their jurisdiction. The public good subserved by the rule against delegation of powers is to insure the making of decisions of policy by the officials to whom the particular discretionary functions are entrusted; presumably, they were selected to exercise that judgment or discretion because they were deemed fit and competent. In the present instance, however, the policy of retirement of members of the Teacher Retirement System when they achieve the age of seventy years is the public policy of the State declared through legislative enactment; to this rule of retirement, the Act provides an exception; viz., that members over seventy may continue in

service upon the approval of their employers. Unless affirm-
ative action of the employer approving continuation in service
is taken, the requirement that the member retire forthwith up-
on becoming seventy results by operation of the statute. Since
the policy of retirement has been determined by the Legislature,
the discretionary authority which is left to be exercised by
the Board of Regents, as employer under the Retirement Act, is
not whether to retire those Retirement System members who be-
come seventy, but rather whether it shall affirmatively approve
continued employment in exceptional cases of such members. As
in the instance of original employment of personnel, the Board
certainly may delegate the function of investigation and recom-
mendation to a committee of its members; and, if the Board ap-
proves the action of the committee, insofar as it concerns the
contracts made with and continued employment of those persons
who are selected to remain in service, it has not abdicated
its functions to its committee. Russell v. Gage, 66 Tex. 428,
1 S. W. 270; Galveston County v. Gresham, (Tex. Civ. App.) 220
S. W. 561. Those members of the Retirement System who reach
mandatory retirement age, and who are not recommended by the
committee for continued service are not discharged by the com-
mittee, nor retired by the Board; they simply come within the
general rule of policy prescribed by the Legislature that they
shall retire upon arriving at age seventy.

III.

Your last inquiry is embodied in your fourth ques-
tion; viz:

"(4) If members of the faculty seventy
years of age should be released from active
service, should members of the Board of Re-
gents who are seventy be retained as members
of the Board?"

As framed, the question seems to be one of policy;
as such it is beyond the province of this department to answer,
for the determination of matters of policy in such matters is

a legislative function. Considered, however, as a question whether existing laws provide for retirement of members of the Board of Regents of the State Teachers' Colleges upon their reaching the age of seventy years, you are advised that they do not.

Very truly yours

ATTORNEY GENERAL OF TEXAS

Gaynor Kendall
Assistant

GK-s